UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANET MICHEEL, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-00815 SRC |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant American Family Mutual Insurance Company's Motion for Summary Judgment [14] and Plaintiff Janet Micheel's Motion for Summary Judgment [17]. The Court denies Defendant's Motion and grants Plaintiff's Motion.

## I. BACKGROUND

Janet Micheel was in a car accident in December 2017 and incurred more than $150,000 in medical bills for the injuries she sustained. The driver of the other car had insurance coverage with Safeco of $50,000, which Safeco paid to Micheel. Before the accident, Micheel bought "underinsured motorist coverage" from American Family in the amount of $100,000. This case presents the issue of whether the $50,000 Micheel received from Safeco should be offset, or deducted, from the amount American Family has to pay her. The resolution turns on whether the "offset" provision in the American Family policy applies, or whether American Family's failure to send Micheel the actual policy containing the "offset" provision creates an ambiguity such that American Family must pay the full $100,000.

Micheel sued American Family for the full $100,000. The parties filed cross-motions for summary judgment, asking the Court to rule whether American Family must pay Micheel the full $100,000.

Micheel originally bought automobile insurance from American Family in July 2015 for a period through January 7, 2016; American Family sent her the terms of the policy, which contained an offset provision for the underinsured motorist coverage. When Micheel renewed her insurance for the period covering the accident, American Family did not send her the terms of the policy—policy no. 2358-6867-02-03-FPPA-MO—instead only sending her a summary of the terms. Micheel reviewed the summary, which did not mention anything about an offset. The summary did not mention anything about offsetting or reducing payments for underinsured motorist coverage by payments made from other sources.

After filing suit, American Family agreed to pay Micheel $50,000, leaving the remaining $50,000 in underinsured motorist coverage in dispute.

## II.     STANDARD

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a

complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts demonstrating a genuine dispute on the specific issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). The non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

### III. DISCUSSION

Interpretation of an insurance policy is a question of law. *Shull v. Am. Family Ins. Co., S.I.*, No. 18-00084-CV-W-ODS, 2019 WL 191658 at *2 (W.D. Mo. Jan. 14, 2019) (citing *McCormack Baron Mgmt. Servs., Inc. v. Am. Guar. & Liab. Ins. Co.*, 989 S.W.2d 168, 171 (Mo. 1999)). The general rules of contract construction apply to insurance contracts. *Id.* (citing *Daughhetee v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 1128, 1132 (8th Cir. 2014)). When construing the terms of an insurance policy, a court applies the meaning that "would be attached by an ordinary person of average understanding if purchasing insurance." *Marrs v. Am. Family Ins. Co.*, 522 S.W.3d 926, 928 (Mo. Ct. App. 2017). The court resolves any ambiguities in the policy in favor of the insured. *Id.* "'Ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions.'" *Id.* (quoting *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. 2007)). Insurance policies should be read as a whole, including the general insuring agreement, definitions, and exclusions, to determine the scope of coverage. *Shull*, 2019 WL 191658 at *2 (citing *Dutton v. Am. Family Mut. Ins. Co.*, 454 S.W.3d 319, 324 (Mo. 2015)).

The Declarations page of the Policy states that the underinsured motorist "LIMIT IS REDUCED BY PAYMENT FROM OTHER SOURCES – ENDORSEMENT 55 LIMITS OF LIABILITY." Doc. 16-2, pg. 2. This endorsement states, "The limits of liability of this coverage will be reduced by: a. payments made by or on behalf of the owner or operator of the uninsured motor vehicle or organization which may be legally liable." Doc. 16-2, pg. 22. In her reply brief, Micheel rightly admits that if American Family sent her the Declarations page, no ambiguity would exist and her amount of UIM coverage would be reduced by the amount she received from Safeco. However, Micheel attests that she never received the Declarations page;

4

she only received a document titled "Your Insurance Coverage Summary" that lists the coverage limits but does not include any limitations based on payments from other sources. Doc. 18-1, pgs. 6-7. While American Family contends that Micheel received the declaration, it did not submit an affidavit or any other evidence to support that contention; it likewise did not submit any evidence to controvert Micheel's testimony that she did not receive it.

American Family argues that document titled "Your Insurance Coverage Summary" states on it that this form does not constitute any part of the insurance policy. The document includes a list of coverage descriptions, the discounts applied to Micheel's premium and her proof of insurance cards. Doc. 18-1, pgs. 6-7. The language to which American Family refers is found on the back of the proof of insurance cards and applies to the cards, not to the entirety of the document. *Id*.

American Family points to the offset provision in the prior-year's policy to support its argument that the policy contains limitations for underinsured motorist coverage, but at best that would create an ambiguity. The Court must resolve any ambiguities in favor of the insured. *Marrs*, 522 S.W.3d at 928. Therefore, the Court finds that Micheel's underinsured motorist coverage does not contain an offset provision, and American Family owes her the full $100,000 (of which American Family has already paid $50,000).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant American Family Mutual Insurance Company's Motion for Summary Judgment [14] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Janet Micheel's Motion for Summary Judgment [17] is **GRANTED**. The Court will enter judgment in accordance with this Memorandum and Order.

So Ordered this 18th day of March, 2020.	SLR.CR

                                  **STEPHEN R. CLARK**
                                  **UNITED STATES DISTRICT JUDGE**